IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **THE CITY OF HOUSTON, TEXAS,** | § | |
| | § | |
| Plaintiff | § | C.A. NO. 4:23-CV-02169 |
| | § | |
| v. | § | |
| | § | Judge George C. Hanks, Jr. |
| **ZAYO GROUP, LLC,** | § | |
| | § | |
| Defendant | § | |

### THE CITY OF HOUSTON'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff the City of Houston, Texas, a municipal corporation[1] ("Houston" or "City"), files this its First Amended Complaint against Defendant Zayo Group, LLC ("Zayo") pursuant to Federal Rule of Civil Procedure 15(a)(1), which affords Plaintiff a one-time option to amend without leave of Court. Plaintiff City of Houston would respectfully show the Court as follows:

**I.   RELIEF**

1. The City of Houston seeks monetary relief over $1,000,000.00.

**II.   PARTIES**

2. Plaintiff City of Houston is a Texas home-rule municipality.

3. Defendant Zayo Group, LLC is a corporation organized under the laws of the State of Delaware and does business in the State of Texas. Defendant Zayo Group, LLC

---

[1] The City of Houston is a Texas home-rule city operating under a municipal charter pursuant to Article XI, Section 5, of the Texas Constitution. *See* Tex. Const. art. XI, § 5. In accordance with Section 9.008(b) of the Texas Local Government Code, the City respectfully requests this Court to take judicial notice of its published charter and status thereunder as a home-rule city. *See* Tex. Loc. Gov't Code § 9.008(b).

has been previously served with process and filed an Answer in State Court prior to removing the case to Federal Court.

### III.  PROCEDURAL BACKGROUND

4. On May 10, 2023, Plaintiff Houston filed this action in Texas State Court, asserting claims against Zayo for violations of the Texas Local Government Code, the City of Houston's Code of Ordinances, and for unjust enrichment. Houston served its Original Petition on Zayo on May 15, 2023. Zayo removed the State Court action to Federal Court on June 2, 2023, based on diversity jurisdiction.

### IV.  JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a). The parties are completely diverse, and the amount in controversy exceeds $75,000. Venue is proper in this district as Plaintiff is located in this district and all or a substantial part of the events or omissions giving rise to the claims presented herein occurred, and are continuing to occur, in this district.

### V.  FACTS

6. This action is based on Defendant Zayo Group, LLC's non-payment for network nodes located in a City of Houston right-of-way.

7. Defendant Zayo installs network nodes and accompanying transport facilities for wireless service providers. On or about September 1, 2017, the State of Texas under Chapter 284 of the Texas Local Government Code ("Chapter 284"), authorized Zayo to install these nodes in the City of Houston's public right-of-way. In return, Zayo has been and is obligated to pay the City an annual franchise or right-of-way use fee.

8. Every year since Zayo installed the network nodes, the City has sent Zayo a form to self-report the number of network nodes for which payment is due. These right-of-way payments are due annually under Section 284.053 of Chapter 284.

9. On January 4, 2021, the City received Zayo's 2021 report, which reflected a total amount due of $434,456.34. (Exhibit 1) This amount included fees for network nodes and transportation facilities. On February 9, 2021, the City received a check for $434,456.34. (Exhibit 2) However, on February 12, 2021, the City received a letter from Zayo's legal department informing the City that Zayo was initiating a stop-payment on the check and would be re-issuing the check in the adjusted amount of $373,000.00. (Exhibit 3) Zayo was disputing the fee amount that the City can assess for each network node and the amount of the transport facility fee. On June 1, 2021, the City received a check totaling $373,000.00, leaving an underpayment of $61,456.34. (Exhibit 4)

10. Since that time, Zayo has made no payments to the City. Pursuant to Section 40-501 of the City of Houston's Code of Ordinances, Zayo's 2021 payment was due on January 31, 2021. In addition to the $61,456.34 it still owes for 2021, Zayo is in arrears for its 2022 and 2023 annual payments and has not even provided the mandated calculations for either of these payments. The 2022 and 2023 payments were due on January 31, 2022 and January 31, 2023, respectively.

11. With regard to the 2022 payment, the City sent Zayo a letter on January 6, 2022, asking Zayo to calculate the number of network nodes installed in the City's right-of-way and the amount owed for right-of-way and transport facilities fees. (Exhibit 5) The City does not know the actual amount to bill for this payment because, under Chapter 284

of the Texas Local Government Code, the fees due are for the number of network nodes installed in the public right-of-way in the municipality's corporate boundary and, although the City has a record of Zayo's approved network nodes, only Zayo can provide the number of network nodes it has installed in the right-of-way as of the date the payment is due. Without Zayo's report of the number of network nodes installed, the City cannot determine the amount owed.

12. Similarly, with regard to the 2023 payment, the City sent Zayo a letter on January 3, 2023, asking Zayo to report the number of network nodes and calculate the amount owed, as is statutorily required under Section 40-501 of the City of Houston's Code of Ordinances. (Exhibit 6) Once again, Zayo has provided the City with neither calculations nor payment.

13. Over the course of several months, the City has repeatedly requested payment from Zayo. These requests have fallen on deaf ears.

VI. **CAUSES OF ACTION**

14. By enacting Chapter 284 of the Texas Local Government Code, the Texas Legislature determined that: "network nodes are instrumental to increasing access to advanced technology and information for the citizens of this state and thereby further an important public policy of having reliable wireless networks and services…." Tex. Local Gov't Code § 284.001(a)(1). This Chapter further provides that payment be made for use of the public right-of-way: "expeditious processes and reasonable and nondiscriminatory terms, conditions, and **compensation for use of the public right-of-way for network node deployments are essential** to state-of-the-art wireless services and thereby further

4

an important public policy of having reliable wireless networks and services…." Tex. Local Gov't Code § 284.001(a)(5)(bolding added).

15. Specifically with regard to municipalities like the City of Houston, Chapter 284 directs as follows:

284.001(c)

It is the policy of this state, subject to state law and strictly within the requirements and limitations prescribed by this chapter, that municipalities:

(1) retain the authority to manage the public right-of-way to ensure the health, safety, and welfare of the public; and

(2) **receive from network providers fair and reasonable compensation for use of the public right-of-way** and for collocation on poles.

Tex. Local Gov't Code § 284.001(c)(1)&(2)(bolding added)

16. Chapter 284 also sets out applicable rates for this compensation that is to be paid to municipalities. *See* Tex. Local Gov't Code §§ 284.053-.055. This statute further states: "requirements of this chapter regarding fees, charges, rates, and public right-of-way management, when considered with fees charged to other public right-of-way users under this code, are fair and reasonable and in compliance with 47 U.S.C. Section 253." Tex. Local Gov't Code § 284.001(8).

17. To date, the City has not received from Zayo the underpayment for 2021 or any payment at all for 2022 and 2023. Pursuant to Section 40-501 of the City of Houston's Code of Ordinances, each of these payments was due by January 31 of their respective years. Section 40-501 provides for this payment to be made as follows: "the facilities owner shall pay to the city all right-of-way use fees required by an agreement with the city,

5

the city's fee schedule, or the amount required by state law.  Fees for use of the public right-of-way shall be remitted to the ARA [Administration & Regulatory Affairs Department] director not later than January 31 after permits are granted, unless otherwise provided for in an agreement with the city." City of Houston Code of Ordinances § 40-501.  No alternative agreement has been entered into by the City of Houston and Zayo, and these fees are all exceedingly overdue.

18.  Since Zayo has not provided any reports for the years 2022 and 2023, the network nodes installed have been estimated based on reports of approved applications received by the City of Houston's Department of Public Works.  For the year 2022, the projected fees owed by Zayo are $229,021.80 for right-of-way and $284,256.00 for transport facilities, which total $513,277.80.  The projected fees owed by Zayo for the year 2023 are $253,634.81 for right-of-way and $301,392.00 for transport facilities, which total $555,026.81.  These calculations assume all network nodes approved by the City of Houston's Department of Public Works were installed by Zayo and, thus, have been included in the fees owed to the City of Houston.  In addition, as previously stated, Zayo owes a further $61,456.34 for underpayment of right-of-way and transport facilities fees for 2021.

19.  Zayo has not only violated the Texas Local Government Code and the City of Houston's Code of Ordinances, but Zayo has also been unjustly enriched by its failure to comply with the payment structure set out by the Texas Legislature and City local government.  Zayo has used and benefitted from the right-of-way granted to it by the City and has had reasonable notice that the City expected to be paid for Zayo's use of the right-

of-way. Zayo has retained the benefits of the right-of-way, but failed to pay for its use. Therefore, because Zayo has secured and retained the benefit of the right-of-way, it would be unconscionable for Zayo to retain this benefit without compensating the City. As such, the City sues Zayo for unjust enrichment, as Zayo has retained the compensation it owes the City for the years 2021, 2022, and 2023.

20. Zayo has been unjustly enriched by the breach of its statutory duties. The City of Houston has been proximately injured by Zayo's unlawful withholding of just compensation to the City for use of the right-of-way. In turn, Zayo's actions have resulted in the damages to be proved at trial.

21. The City of Houston is thereby entitled to full compensation for Zayo's underpayment of $61,456.34 due in January, 2021, in addition to the estimated $513,277.80 payment due to the City in January, 2022 and the estimated $555,026.81 payment due in January, 2023. The City further requests the payment of its attorneys' fees, costs, and both pre-judgment and post-judgment interest as allowed by law.

## **PRAYER**

For these reasons, the City of Houston asks that Defendant be cited to appear and, on final trial, that the City have judgment against Zayo. The City requests that the Court order Zayo to provide calculations for network nodes in the City of Houston's right-of-way that were due by January 31, 2022 and January 31, 2023, respectively. The City further asks that this Court enter judgment for the City for all:

    a.    Actual damages;

    b.    Attorneys' fees;

    c.    Costs;

    d.    Pre-judgment and post-judgment interest as allowed by law; and

    e.    All other relief, general or special, whether in law or in equity, to which the City of Houston may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**
SUZANNE R. CHAUVIN
Chief, General Litigation Section

By:   */s/ Lydia S. Zinkhan*
       Lydia S. Zinkhan
       Sr. Assistant City Attorney III
       Federal ID No.: 11882
       State Bar No.: 22277600
       CITY OF HOUSTON LEGAL DEPARTMENT
       900 Bagby, 4th Floor
       Houston, Texas 77002
       (832) 393-6467 - Telephone
       (832) 393-6259 – Facsimile
       lydia.zinkhan@houstontx.gov

**ATTORNEYS FOR PLAINTIFF,**
**THE CITY OF HOUSTON, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, a true copy of this document was duly served upon each party to this cause in accordance with Rule 5(b)(3) of the Federal Rules of Civil Procedure via CM/ECF.

*/s/ Lydia S. Zinkhan*
Lydia S. Zinkhan
Senior Assistant City Attorney III